IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| STEVEN KEITH GREEN, § | |
| (Tarrant No. 0341083) § | |
| VS. § | CIVIL ACTION NO.4:09-CV-206-Y |
| § | |
| § | |
| MIKE THOMAS, Judge, § | |
| Criminal District Court No. 4, § | |
| Tarrant County, Texas, et al. § | |

OPINION and ORDER OF PARTIAL DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B) (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Steven Keith Green's claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Green, a detainee at the Tarrant County jail, filed a form civil-rights complaint with attachment pages, seeking relief under 42 U.S.C. § 1983, and naming as defendants Mike Thomas, judge, Criminal District Court Number 4, Tarrant County, Texas; Tim Curry[1], district attorney, Tarrant County, Texas; Robert Livingston and Terra Meaders, Tarrant County, Texas, Community Supervision Corrections Department[2]; Norchem Drug and Alcohol Testing Laboratory; and Sentinel Electronic Monitoring Company. (Compl. Style; § IV(B).) After the Court granted a motion

---

[1] The Court addresses herein Green's claims against Tim Curry in an individual capacity.  As Tim Curry passed away after this suit was filed, to the extent Green also alleges claims against Curry in an official capacity, because Joe Shannon has succeeded Curry as district attorney, Joe Shannon is substituted as the defendant on such claims. *See* FED R. CIV. P. 25(d)(1). The clerk of Court is directed to make this change on the docket of this case.

[2] Green has also expressly listed the Tarrant County, Texas, Community Supervision Corrections Department as a separate municipal defendant. (Compl. 3-7.)  Thus, the clerk of Court is directed to list this additional defendant on the docket.

for leave to file a supplemental complaint, Green filed a supplemental complaint with attachments. The Court has reviewed/screened both pleadings.

Green, who was previously released on conditions pending charges of sexual assault on a minor in case number 1095289D in the Criminal District Court Number 4, raises a number of challenges to the stipulations imposed upon him as a condition of that pre-trial release. (Compl. at 6-7; Supplemental Complaint (Supp. Compl.) at 6-12; exhibit K-1.) He alleges that Judge Thomas imposed excessive and financially burdensome bond conditions that amounted to a deprivation of his property without due process of law. (Compl. § V, 1-7.) He alleges that Tim Curry filed a motion of "ready" in the criminal trial court, even though the State was not prepared for trial, in order to deny Green the right to apply for and be released on a bail bond. (Compl. § V, 2-7.) Green contends that the Tarrant County Community Supervision Corrections Department, and its employees, Robert Livingston and Terra Meaders, deprived him of his property without due process of law by requiring him to pay a $60 monthly fee as a condition of his release. (Compl. § V, 3-7-5-7.) Similarly, Green asserts that Norchem imposed upon him a requirement that he pay $11.00 twice a month in violation of his right to due process of law, and that Sentinel required him to pay $9.00 a day in violation of this same right. (Compl. § V, 6-7, 7-7.) In the supplemental complaint, Green challenges other conditions of release imposed upon him, including: electronic monitoring, restrictions on

2

the possession of a firearm, the requirement that he report to Tarrant County officials twice a month, restrictions on the possession or consumption of alcohol, the requirement that he submit urine samples, and the requirement that he permit an officer to visit him at any time. (Supp. Compl. at 6-10.)  Green seeks injunctive relief in the form of an order for the following: that the state trial court judge impose the least restrictive conditions to assure his appearance; that Joe Shannon not announce "ready" for a case in an effort to manipulate the imposition of conditions of release; that the Tarrant County Community Supervision Corrections Department change many of its policies relating to the charging of fees, hours of visitation, and hours available for persons to report; and that Norchem and Sentinel refrain from charging fees to persons released on bond. (Compl. § VI, pages 6 and 7.) Green also seeks actual, compensatory, and punitive damages. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[3] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[4] Furthermore, as a part of the PLRA, Congress enacted

---

[3] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

3

28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[5] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[6] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[7] After review of the complaint under these standards, the Court concludes that many of Green's claims and many of the defendants must be dismissed.

Plaintiff Green names both Robert Livingston and Terra Meaders in their individual and official capacities as supervisory officers with the Tarrant County, Texas, Community Supervision and Corrections Department. But a suit against a government official in an official capacity is essentially a suit against the government entity.[8] As the Tarrant County, Texas, Community Supervision and Corrections Department is already a party to the suit, Green's claims against Livingston and Meaders in an official capacity must be dismissed as duplicative.

Furthermore, with regard to Green's claims against Livingston

---

[5] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[6] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[7] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[8] *See Brooks v. George County, Mississippi,* 84 F.3d 157, 165 (5th Cir.) (explaining that a claim against a sheriff named in official capacity is suit against county), *cert. den'd,* 519 U.S. 948 (1996); *see Crane v. State of Texas,* 766 F.2d 193, 194 (5th Cir.)(finding that a district attorney in Texas acts as a county official),*reh'g denied,* 759 F.2d 412 (5th Cir.), *cert. den'd,* 474 U.S. 1020 (1985).

and Meaders, Green makes no distinct factual allegations, reciting that each of them required "[him] to pay $60.00 a month as a pre-trial detainee...," "gave him a blue probation ID card as mentioned on the bond reporting procedures," and "enforced the bond conditions and bond condition fees." (Compl. at 4-7, 5-7; Supp. Compl. at attached Supplemental Brief for Livingston and Meaders.) But a claim of liability for violation of rights under 42 U.S.C. § 1983, regardless of the particular constitutional theory, must be based upon personal responsibility.[9] As Green has not alleged any facts demonstrating each defendant's personal involvement, his claims against each of them individually must be dismissed.

With regard to any claims against Judge Mike Thomas for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[10] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[11] Because the complained-of conduct by Judge Thomas was judicial in nature and was undertaken pursuant to the jurisdiction provided to the Criminal District Court Number Four of Tarrant County, Texas, Judge Thomas is entitled to absolute

---

[9] *See Murphy v. Kellar,* 950 F.2d 290, 292 (5th Cir. 1992); *Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir. 1986); *Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Baskin v. Parker,* 602 F.2d 1205, 1208 (5th Cir. 1979).

[10] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[11] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

immunity from any claims for monetary damages claims.

Likewise, Tim Curry is entitled to absolute immunity for any claims for monetary damages. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[12] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[13] Here, even assuming Plaintiff's allegations against Tim Curry are true, Curry would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Curry is entitled to absolute prosecutorial immunity from any claim for monetary damages, and any claims for monetary damages against him will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii).

As a part of the PLRA, Congress placed a restriction on a prisoner's ability to recover compensatory damages without a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[14] Although long recognized as

---

[12] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[13] *Imbler,* 424 U.S. at 431 n.33.

[14] 42 U.S.C.A. § 1997e(e)(West 2003).

6

applying to claims under the Eighth Amendment,[15] the United States Court of Appeals for the Fifth Circuit held that § 1997e(e) applied to claims under the First Amendment as well, noting "it is the nature of the relief sought, and not the underlying substantive violation, that controls:  Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury."[16] More recently, the Fifth Circuit rejected an inmate's claim that § 1997e(e) does not apply to a Fourth Amendment claim, emphasizing that in *Geiger* the court noted that "1997e(e) applies to *all federal civil actions,*" and noting that "[r]egardless of [Plaintiff's] invocation of the Fourth Amendment, his failure to allege any physical injury precludes his recovery of any compensatory damages for emotional or mental injuries suffered."[17]  Applying these holdings to the instant case, whatever the substantive constitutional violations asserted by Green, a failure to allege physical injury bars any remaining claims for compensatory damages.[18]

---

[15]*See Herman v. Holiday,* 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Siglar v. Hightower,* 112 F.3d 191, 193-94 (5th Cir. 1997).

[16]*Geiger v. Jones,* 404 F.3d 371, 375 (5th Cir. 2005).

[17]*Hutchins v. McDaniels,* 512 F.3d 193, 196 (5th Cir. 2007)(emphasis in original).

[18]Section 1997e(e) does not preclude claims for nominal or punitive damages (*Hutchins,* 512 F.3d at 198) or for injunctive or declaratory relief (*Harper,* 174 F.3d at 719).

7

Although the majority of Green's claims seek injunctive-type relief against Judge Thomas, Joe Shannon, and the other defendants for their actions taken in state court, such relief is not available in this suit. With regard to Judge Thomas, section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[19] Furthermore, as to all claims for injunctive-type relief against the remaining defendants, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[20] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending, (2) the state proceedings involve important state interests, and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[21] Thus, the Court concludes that Green's claims under 42 U.S.C. § 1983 for injunctive type relief must be dismissed[22] under authority of 28

---

[19] 42 U.S.C.A. § 1983 (West 2003).

[20] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[21] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit. Ass'n*, 42 F.3d at 1490.

[22] Green has expressly filed a motion for an injunction. That motion will be denied for the reasons stated herein.

8

U.S.C. § 1915A(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[23]

Thus, remaining before the Court are Green's claims for nominal and/or punitive monetary damages against Tarrant County, Texas, Community Supervision and Corrections Department, Norchem, and Sentinel. Under controlling circuit authority, the Court concludes that such claims are not barred by the *Younger* abstention doctrine:

> Just last term in *Deakins v. Monaghan,* the Supreme Court held that even when *Younger* abstention is required, a federal district court has no discretion to dismiss cognizable claims for monetary relief which cannot be redressed in a pending state proceeding. 484 U.S. 193, 108 S.Ct. 523, 529 (1988). Because Ballard's claim for money damages and attorney's fees will not be addressed in the pending criminal proceedings, we must reverse and remand the district court's dismissal of Ballard's claim for monetary relief for further consideration in light of the *Deakins* holding.
>
> In *Deakins,* the Supreme Court required the district court to retain jurisdiction but to stay the claim for monetary relief pending the outcome of parallel state proceedings. The Court noted that "[t]here can be no question that the respondents have alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction."[24]

Green's remaining claims for nominal and/or punitive monetary damages will be stayed pending Green's notice to the Court that the state-court proceedings are concluded.

---

[23] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at * 2-3 (E.D.La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances"), *citing O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

[24] *Ballard v. Wilson,* 856 F.2d 1568, 1572 (5th Cir. 1988)(citing *Deakins v. Monaghan,* 108 S.Ct. at 530).

9

Therefore, the motion for an injunction (docket no.9) is DENIED.

Plaintiff's claims for monetary damages against Mike Thomas and Tim Curry are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

All of Plaintiff's claims against Robert Livingston and Terra Meaders, all of Plaintiff's remaining claims for compensatory damages, and all of Plaintiff's claims for injunctive relief, are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Plaintiff's remaining claims for nominal or punitive damages against defendants Tarrant County, Texas, Community Supervision and Corrections Department; Norchem; and Sentinel, are STAYED pending notification to the Court in writing from plaintiff Green that the state court proceedings are concluded.

SIGNED October 27, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

10